UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BRENT WILSON RICHARDS,

           Plaintiff,           Case No. 1:09-cv-748

v.                                  Honorable Robert J. Jonker

KENT COUNTY SHERIFF'S
DEPARTMENT et al.,

           Defendants.
_____/

## OPINION

       This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Keener*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.   Factual allegations

Plaintiff presently is incarcerated at the St. Louis Correctional Facility. In his *pro se* complaint, he sues the Kent County Sheriff's Department, Township of Ada, Township of Vergennes, City of Grand Rapids and Kent County Sheriff's Department Deputies William Heffron, Darren Clark, Jeffrey Gregus and Thomas Nawrocki, for violating his Fourth, Fifth and Fourteenth Amendment rights.

On November 21, 2005, Plaintiff called Defendants Heffron and Clark from his father's home. Defendants Heffron and Clark were investigating a string of burglaries. When Defendants Heffron and Clark arrived at Plaintiff's father's home, they walked past a truck and noticed a few coins "in plain view" in the truck. (Ex. D to Compl., William Hefron's Nov. 22, 2005 Report at 2, docket #1.) Because Defendants Heffron and Clark saw the coins, Plaintiff argues that Defendants Heffron and Clark performed an illegal search of his father's truck without a search warrant in violation of Plaintiff's Fourth Amendment rights. (Attach. to Compl. at 2, 4, 10, docket #1.)

Later that day, Plaintiff's father gave Defendants Heffron and Clark permission to search his truck, house and any outbuildings. (Ex. D to Compl., William Hefron's Nov. 22, 2005 Report at 2, docket #1.) During that search, Defendants Heffron and Clark uncovered several coins, which were allegedly taken from the victims' homes. (*Id.* at 2-3.) Defendants Heffron and Clark then arrested Plaintiff.[1] Plaintiff argues that his Fourth and Fourteenth Amendment rights were

---

[1]According to Plaintiff's exhibits, he was charged with second-degree home invasion on November 22, 2005 and first-degree home invasion on March 16, 2006. (Exs. A & J to Compl., docket #1.)

violated when Defendants arrested him without a warrant and without probable cause. (Attach. to Compl. at 3, 10-11, docket #1.) Plaintiff also complains that Defendants arrested him even though the victims never mentioned any coins missing. (*Id.* at 4.) On November 22, 2005, a warrant was issued for Plaintiff's arrest. (Ex. A to Compl., docket #1.)

On November 23, 2005, a search warrant was issued for a buccal swab of Plaintiff's mouth as well as palm impressions of Plaintiff's hand. Apparently, Defendants were trying to link Plaintiff to cigarette butts recovered from one of the crime scenes. Plaintiff, however, argues that Defendant Heffron obtained cigarettes butts from Plaintiff's home from an earlier search warrant and planted the cigarettes at a crime scene to implicate Plaintiff. (Attach. to Compl. at 7, 10; Ex. E to Compl.) Plaintiff also alleges that Defendants conspired to withhold material information as to the cigarette butts prior to removing them from Plaintiff's home in violation of his due process rights. (Attach. to Compl. at 10.) According to the Michigan Department of Corrections' Offender Tracking Information System, Plaintiff ultimately was convicted of first-degree home invasion, second-degree home invasion and two counts of breaking and entering a building with intent.[2] The trial court sentenced Plaintiff to imprisonment of ten to twenty years for the first-degree home invasion conviction, five to fifteen years for the second-degree home invasion conviction, and four years and six months to ten years for each breaking and entering conviction.

For relief, Plaintiff requests "compensatory, punitive, and declaratory relief of damages" and a jury trial. (*Id.* at 11.)

---

[2]*See* http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=607530.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify

the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's claims challenge his criminal conviction and incarceration by the State of Michigan. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, and (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would

render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's conviction has not been reversed or otherwise invalidated.

Moreover, Plaintiff's allegations about the reasonableness of his search warrants and arrest are integral to his criminal conviction. Those allegations implicate the Fourth Amendment. The Fourth Amendment provides, in relevant part, that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. A § 1983 claim for wrongful arrest also turns on whether the officer had probable cause under the Fourth Amendment. *Crockett v. Cumberland Coll.,* 316 F.3d 571, 579-80 (6th Cir. 2003) ("It is well established that any arrest without probable cause violates the Fourth Amendment.")

Fourth Amendment claims for unreasonable searches are *Heck*-barred. "Fourth Amendment claims arising out of searches occurring prior to Plaintiff's guilty plea [are] precluded by *Heck v. Humphrey*, [512 U.S. at 487], on the grounds that a civil suit holding that these searches were improper would undermine the basis of Petitioner's guilty plea and sentence." *Jacob v. Twp. of West Bloomfield*, 531 F.3d 385, 388 (6th Cir. 2008); *see also Shamaeizadeh v. Cunigan*, 182 F.3d 391, 398-99 (6th Cir. 1999) (holding that, where an allegedly illegal search produced evidence used

to obtain a conviction, the convicted cannot bring a § 1983 claim challenging the search until the conviction is overturned), *overruled in other part, Wallace v. Kato*, 549 U.S. 384, 393 (2007) (recognizing that *Heck* bars the pursuit of a Fourth Amendment arrest claim until the conviction is overturned, but concluding that the action accrues at the time of the arrest). Therefore, Plaintiff's Fourth Amendment claims arising out of unreasonable searches are barred under *Heck* until his criminal conviction has been invalidated.

Plaintiff's unlawful arrest claim also implies that Plaintiff's state-court conviction and sentence were invalid, and, thus, is barred by *Heck*. *See Schreiber v. Moe,* 445 F. Supp. 2d 799, 812-13 (W.D. Mich. 2006) (a finding that an officer lacked probable cause to arrest the plaintiff implies the invalidity of the misdemeanor conviction and is barred by *Heck* because it undermines the basis for the misdemeanor charge); *see also DiFoggi v. Harp,* No. 2:07-cv-73, 2008 WL 1820909, at *4 (W.D. Mich. Apr. 22, 2008) (if the plaintiff prevailed on his claim that the arrest violated his Fourth Amendment rights, it would imply that Plaintiff's state court sentence was invalid); *Barton v. Priest,* No. 05-73415, 2008 WL 4372637, at *4 (E.D. Mich. Sept. 19, 2008) (finding plaintiff's false arrest and illegal imprisonment claims are barred by *Heck*). Accordingly, Plaintiff's false arrest claim is *Heck*-barred.

A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03-1411, 2003 WL 22976618 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous).

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee under § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   November 16, 2009             /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE